1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

JOSEPH DALE YOUNG,

Case No.  25-cv-07382-VKD

Plaintiff,

9

**ORDER (1) GRANTING (AS MODIFIED) PLAINTIFF'S MOTION TO CONTINUE DEADLINES AND (2) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**

v.

10
11

NAPHCARE INC.,

12

Defendant.

Re: Dkt. Nos. 9, 12

13
14

On September 2, 2025, Mr. Young, proceeding pro se, filed the present action pursuant to

15

42 U.S.C. § 1983, alleging violation of his constitutional rights and complaining of inadequate

16

medical services during his incarceration at the Santa Cruz County Jail.  *See* Dkt. No. 1.  On

17

September 4, 2025, the Court granted Mr. Young's application to proceed in forma pauperis.  Dkt.

18

No. 6.  The docket reflects that the complaint and summons were served on October 24, 2025.  *See*

19

Dkt. No. 15.

20

Presently pending before the Court is Mr. Young's motion to continue all case

21

management deadlines (Dkt. No. 9) and his motion for the appointment of counsel (Dkt. No. 12).[1]

22

For the reasons discussed below, the Court grants (as modified) Mr. Young's request for a

23

continuance and denies without prejudice his motion for the appointment of counsel.

24

On September 10, 2025, Mr. Young moved to continue all case management dates, stating

25
26

_____

27

[1] Mr. Young filed an unsigned motion for appointment of counsel on September 19, 2025.  Dkt. No. 11.  He subsequently filed a signed version of the same motion on September 22, 2025.  Dkt. No. 12.  The Court terminates the earlier-filed unsigned motion and treats the later-filed signed version as the operative motion for appointment of counsel.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   that he would be incarcerated beginning on September 11, 2025. Dkt. No. 9. He requests a

2   continuance "until sixty (60) days after [his] release from custody." *Id*. at ECF 3. Mr. Young

3   states that his "incarceration is temporary," but also notes that he is "awaiting transfer for the

4   remainder of [his] three-year sentence or until [his] habeas corpus petition is reviewed." *Id*. at

5   ECF 2, 3. Mr. Young provides no information about how long he expects his present

6   incarceration to last. While the Court is disinclined at this time to continue all case management

7   dates pending Mr. Young's release from custody (whenever that might be), the Court will

8   continue the initial case management conference for about 45 days. Accordingly, the initial case

9   management conference is re-set for **January 20, 2026, 1:30 p.m.** The parties' joint case

10  management statement is due by **January 13, 2026**. All other deadlines set in the Order Setting

11  Initial Case Management Conference and ADR Deadlines (Dkt. No. 5) are adjusted accordingly.

12  Unless otherwise ordered, case management conferences are conducted by Zoom Webinar. To the

13  extent Mr. Young wishes to appear via some other remote means (e.g., telephone), he should file a

14  request no later than 7 days before the case management conference.

15          Mr. Young also moves pursuant to 28 U.S.C. § 1915(e)(1) for the appointment of counsel,

16  stating that "[t]his case involves complex issues requiring discovery into medical records,

17  correctional policies, and corporate practices." Dkt. No. 12 at ECF 2. Additionally, he asserts that

18  he "lacks formal legal training and resources to obtain and present evidence" of his claims. *Id*.

19  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his

20  physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs*., 452 U.S. 18, 25

21  (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel

22  in § 1983 action), *withdrawn in part on other grounds on reh'g en banc,* 154 F.3d 952 (9th Cir.

23  1998) (en banc). A motion for the appointment of counsel for an indigent litigant under § 1915

24  may be granted, in the Court's discretion, only in exceptional circumstances, which requires

25  consideration of "the likelihood of success on the merits and the ability of the petitioner to

26  articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v.*

27  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quotations and citation omitted). The present action

28  is at an early stage, and at this time, the Court is unable to assess whether exceptional

circumstances would warrant seeking volunteer counsel to accept a pro bono appointment. Accordingly, Mr. Young's motion to appoint counsel is denied, without prejudice to raise the matter later in these proceedings, e.g., at the initial case management conference.

Mr. Young is reminded that while this case is pending, he must promptly inform the Court of any change of address. Failure to do so may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: October 30, 2025

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California